## In re Arnold's Estate

*Alvin L. Little,* for petitioner.
*Robert Madore,* for respondent.

WRIGHT, P. J., October 25, 1943.—This matter turns upon the interpretation to be given to the word "proxy" as used in section 14 of the Act of June 4, 1901, P. L. 404. Franklin A. Arnold held three judgments against J. Roy Arnold, which judgments were represented of record by Alvin L. Little, Esq., a member of the Bedford County Bar. After the death of Franklin A. Arnold, Mr. Little was employed by the administrators in the settlement of the estate, and his name appears of record as such attorney. An execution was issued on one of the judgments, whereupon J. Roy Arnold availed himself of the provisions of the Insolvency Act of 1901 and made a deed of assignment to Robert Madore, Esq., another member of the Bedford County Bar. The assignee then gave notice of a creditors' meeting for the purpose of selecting an additional assignee in accordance with section 14 of the act, which provides, inter alia, as follows:

"At such meeting a majority in amount of the creditors present, in person or by proxy . . . may select as many more assignees as there were assignees named in the original deed of assignment."

At the creditors' meeting, Mr. Madore presented four proofs of claim with written authority attached

empowering him to vote the same. These four claims totaled $344.03. Mr. Little presented three proofs of claim based on the judgments above mentioned, the net amount due being $6,984.16. No written authority was attached to these claims empowering Mr. Little to vote the same. Mrs. Bessie H. Zimmers appeared in person and presented a proof of claim in the amount of $230.60. Mr. Madore then entered an objection to the voting rights of the claims presented by Mr. Little "because there is no proxy". The claim of Mrs. Zimmers and the claims of Franklin A. Arnold's administrators were voted for D. Clay Zimmers as additional assignee. The claims presented by Mr. Madore were voted against the election of such additional assignee. Mr. Madore then made the following announcement:

"I cannot accept the votes of the Franklin A. Arnold Estate by Mr. Little as he does not have a proxy to vote said claims as required by the act of assembly."

While the Insolvency Act, supra, does not set forth a procedure in case of disputed elections such as this, it is clearly apparent that an original assignee would not be the proper person to decide such dispute because of his personal interest in preventing the selection of an additional assignee. We have concluded that the act gives the court of common pleas sufficient jurisdiction over the administration of assigned estates to warrant the determination of the question by rule to show cause.

Our research has disclosed no decisions interpreting the statutory language above quoted. Bouvier defines the word "proxy" in two ways: First, as a person appointed in the place of another to represent him; and, second, as the instrument by which a person is appointed so to act. Webster has substantially the same definition of the term. We are clearly of the opinion that the word "proxy" as used in the Insolvency Act, supra, does not mean the instrument but does mean the representative. An instrument author-

izing a person to do something would be unavailing if the person so authorized were not present to act. Mr. Little was the proxy, that is, the representative, the agent, the attorney. True, he presented no instrument showing his authority, but that was unnecessary under the circumstances. We do not hold that a layman could represent a creditor at such a meeting without some instrument to show his authority, nor do we hold that an attorney might do so under any and all circumstances. It is our opinion, however, that an instrument showing such authority is not necessary where the attorney appears of record as representing the judgments on which the proofs of claim are based and also appears of record as representing the fiduciaries on whose behalf the claims are presented. The assignee's objection, when properly viewed, is not that Mr. Little was not the proxy but that Mr. Little did not present a written instrument evidencing his authority. As above indicated, we hold that the presentation of such a written instrument was not necessary under the particular circumstances of this case.

While the petition requests that the election be set aside and another election be directed, such an order is unnecessary. We propose to declare that the election already held resulted in the selection of D. Clay Zimmers as additional assignee. Hence the following

## Decree

Now, to wit, October 25, 1943, it is ordered, adjudged, and decreed that at the meeting of the creditors in the matter of the assigned estate of J. Roy Arnold, an insolvent farmer, D. Clay Zimmers was duly selected as additional assignee. Robert Madore, Esq., the original assignee, shall, by deed duly executed, acknowledged, and recorded, transfer to the said D. Clay Zimmers an equal and undivided interest in the said estate, and Robert Madore, Esq., and D.

Clay Zimmers shall hereafter act as joint assignees with the same effect as if both were originally named in the original deed of assignment.